# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| ULYESSES ELDRIDGE, #07091431, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0195-P |
| | ) | |
| DALLAS COUNTY SHERIFF, | ) | |
| Respondent. | ) | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* habeas corpus action filed by a county inmate.

Parties: Petitioner's whereabouts are presently unknown. At the time of filing this action, he was confined at the Dallas County Jail. Respondent is the Dallas County Sheriff. The Court did not issue process in this case, pending preliminary screening.

Findings and Conclusions: On February 13, 2008, the Court issued a notice of deficiency and order to Petitioner. The order notified Petitioner that he had neither paid the filing fee nor submitted a proper request to proceed *in forma pauperis*, and that his petition was not filed on the appropriate federal form. The order directed Petitioner to cure the deficiency within thirty days and cautioned him that failure to comply with the order would result in a recommendation that the complaint be dismissed for failure to prosecute. Petitioner failed to comply with the

deficiency order. On April 3, 2008, the court re-mailed the deficiency order to the Suzanne Keys Detention Center, a separate detention center at the Dallas County Jail. On April 9, 2008, the order was returned to the court because Petitioner was no longer at the Dallas County Jail.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Petitioner has been given ample opportunity to comply with the deficiency order. He has refused or declined to do so. Nor has he kept the court appraised of his new address. The Court is not required to delay disposition in this case until such time as Plaintiff provides his current address. Therefore, this action should be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Petitioner.

Signed this 14th day of April, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.